UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert McDaniel Cox,<br><br>         Plaintiff,<br><br>vs.<br><br>Lance Corporal Ronald Deal, of the South Carolina Highway Patrol;<br>2nd Highway Patrol Officer, who arrived after Plaintiff was arrested by Lance Corporal Ronald Deal;<br>State's Attorney's Office;<br>All Dorchester County Magistrates and Judges Involved to any degree with Uniform Traffic Ticket #EO74246,<br><br>         Defendants. | ) C/A No. 2:11-02952-DCN-BM<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>) |

  Plaintiff, Robert McDaniel Cox ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915; and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). Further, as the Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976).



1

Even when considered under this less stringent standard, however, the undersigned finds and concludes for the reasons set forth hereinbelow that the *pro se* Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

## Background

The Complaint's allegations are stated below, verbatim:

With respect to Defendants' involvement in Uniform Traffic Ticket #E074246, Defendants ignored the duties, obligations and responsibilities, as well as the restrictions, limitations, prohibitions, placed upon Defendants by specific Articles, Amendments and Clauses of the Constitution of the United States. Defendants' willful ignorance resulted in multiple violations of rights guaranteed to Plaintiff, which are clearly and specifically enumerated in the Constitution of the United States. Plaintiff seeks redress for the following causes of action:

1. Violation of Constitutionally required Oath of Office - Article VI of the Constitution of the United States **binds** all judges and judicial officers, including the Defendants, to recognize and support the Constitution of the United States as the supreme Law of the Land. The actions of the Defendants with respect to Defendants' involvement in Uniform Traffic Ticket #E074246 violate this requirement.

2. Violation of Constitutionally required procedure - Amendment V clearly and specifically states that "No person shall . . . be deprived of life , liberty, or property, without due process of law; . . ." and Article III clearly and specifically states that "due process" for "The Trial of all Crimes . . . shall be by Jury; . . ." The actions of the Defendants with respect to Defendants' involvement in Uniform Traffic Ticket #E074246 violate these requirements.

Plaintiff seeks monetary damages for the Defendants' actions.

## Discussion

In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* "some person has deprived him of a federal right," and *(2)* "the person who has deprived him of that

2



right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The instant Complaint alleges constitutional violations by two State Highway Patrol Officers, the State's Attorney's Office, and Dorchester County Magistrates and Judges involved in Uniform Traffic Ticket #E074246.

As an initial matter, several of the named Defendants are immune from Plaintiff's claim for damages under § 1983. First, prosecutors are "afforded absolute immunity when their 'activities were intimately associated with the judicial phase of the criminal process.'" *Nivens v. Gilchrist*, 444 F.3d 237, 250 (4th Cir. 2006)(quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). *See also See Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). Although Plaintiff provides no specific factual allegations against any individual attorneys in the "State's Attorney's" Office,[1] this Defendant is sued for "involvement" in processing or prosecuting a traffic ticket. However, as prosecutors in the "State's Attorney's Office" are protected from Plaintiff's claim for damages under § 1983 by prosecutorial immunity, this Defendant (even assuming any individual prosecutors had been named as party Defendants) is entitled to summary dismissal from this action. *Nivens*, 444 F.3d at 250; *cf. Hart v. Jefferson County*, 1995 WL 399619 (D.Ore., June 15, 1995)(allegations by

---

[1] It is assumed Plaintiff is referring to the Office of the Solicitor for Dorchester County. However, as the Solicitor's office is considered a state agency, it is immune from suit in this court pursuant to the Eleventh Amendment. *See, e.g., Federal Maritime Commission v. South Carolina State Ports Authority*, 535 U.S. 743 (2002); *Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356 (2001); *Kimel v. Florida Board of Regents*, 528 U.S. 62 (2000); *Alden v. Maine*, 527 U.S. 706 (1999); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens); *Virginia v. Reinhard*, 568 F.3d 110 (4th Cir. 2009); *Belcher v. South Carolina Board of Corrections*, 460 F. Supp. 805, 808-809 (D.S.C. 1978); and *Simmons v. South Carolina State Highway Dept.*, 195 F. Supp. 516, 517 (E.D.S.C. 1961).

3



plaintiff of malicious motives on part of two prosecutors insufficient to overcome prosecutorial immunity).

Next, Dorchester County Magistrate Judges are part of South Carolina's unified judicial system. *See* S.C. CONST. art. V, § 1 ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."). As such, these judicial officers have absolute immunity from a claim for damages arising out of their judicial actions. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987)(a suit against two Virginia magistrates); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). *See also Siegert v. Gilley*, 500 U.S. 226, 231 (1991)(immunity presents a threshold question which should be resolved before discovery is even allowed); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability"). While Plaintiff fails to provide factual allegations against any specific Judge, Dorchester County Magistrate Judges are absolutely immune from Plaintiff's claims regarding judicial actions associated with Uniform Traffic Ticket #E074246. Therefore, these Defendants are also entitled to summary dismissal from this case.

Finally, Plaintiff names two Highway Parol Officers as party Defendants, Defendant Lance Corporal Ronald Deal and an unidentified Officer "who arrived after Plaintiff was arrested" by Defendant Deal. ECF No. 1, page 1. This is the second § 1983 action brought by Plaintiff in this District Court claiming a violation of his constitutional rights by Defendant Lance Corporal Ronald Deal of the South Carolina Highway Patrol and a second unidentified Highway Patrol Officer

4



associated with Uniform Traffic Ticket #E074246. *See Robert McDaniel Cox v. Officer NFN Dell, et al.*, Civil Action No. 2:09-cv-02715-DCN (D.S.C. filed October 19, 2009).[2] Plaintiff's first case against these Defendants, Civil Action No. 09-2715, resulted in summary judgment being granted in favor of the Defendants on October 1, 2010, and to the extent the issues presented in the instant action duplicate those litigated in Plaintiff's previous case against these Defendants, this case is subject to summary dismissal in the interests of judicial economy and efficiency. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970)("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.").

Further, the instant claims against Defendant Deal and the unidentified Highway Patrol Officer would be subject to summary dismissal in any event because, other than the information listed in the caption of the Complaint, Plaintiff provides no specific factual allegations against these Defendants. In order to proceed under § 1983, a plaintiff must affirmatively show that a defendant acted personally in the deprivation of his constitutional rights; *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977); and when a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. *See Karafiat v. O'Mally*, No. 02-3992, 2002 WL 31845135, at **1 (6th Cir. Dec. 17, 2002); *Curtis v. Ozmint*, C/A No. 3:10-3053-CMC-JRM, 2011 WL 635302 at *4 n.5 (D.S.C. Jan. 5, 2011)*; Whaley v. Hatcher*, No. 1:08CV125-01-MU, 2008 WL 1806124, at *1 (W.D.N.C. Apr. 18, 2008).

---

[2] A district court may take judicial notice of materials in the court's own files from prior proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992)(the district court had the right to take judicial notice of a prior related proceeding). *See also Fletcher v. Bryan*, 175 F.2d 716 (4th Cir. 1949).



Although the Court must liberally construe the *pro se* Complaint, Plaintiff must do more than make mere conclusory statements to state a claim. *Adams v. Rice*, 40 F.3d 72, 74-75 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989). Rather, he must allege facts that support a claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). The instant Complaint's general claims, absent any factual allegations against the Defendant Highway Patrol Officers, are insufficient to state a cognizable claim under § 1983. Therefore, Defendant Deal and the unidentified Highway Patrol Officer should also be summarily dismissed from this action.

<u>Recommendation</u>

Accordingly, it is recommended that the Court dismiss the Complaint in the above-captioned case without prejudice. Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

November 28, 2011
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

